Eastern District of Kentucky
**FILED**
JUN 19 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>TONY RAY HERALD,<br><br>Defendant. | CRIMINAL ACTION NO. 7:08-29-KKC-EBA-2<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion for a reduction in his sentence or home confinement. On August 18, 2009, Defendant Tony Ray Herald was sentenced to 192 months imprisonment and five years of supervised release. (DE 76.) On June 8, 2020, he filed a motion for either a reduction in his sentence or home confinement. (DE 139.) Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment if —

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier… after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable… it finds that extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In his motion, Defendant expresses concern about the disease caused by the novel coronavirus, COVID-19, and claims that he has exhausted his administrative remedies. (DE 139 at 1-2.)

As to Defendant's request that the Court order that he serve the remainder of his

1

sentence on home confinement, this Court has no authority to do so. The Bureau of Prisons is the entity that has the authority to designate the place of a prisoner's imprisonment, not the Court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The Court would have no objection to any such relief that the BOP may find appropriate.

As to Defendant's request that the Court reduce his sentence, as discussed above, § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). According to the Sentencing Commission's policy statement, extraordinary and compelling reasons may exist[1] given the medical condition of the defendant; the age of the defendant; specific family circumstances;[2] or "other reasons."[3] U.S.S.G. § 1B1.13 (2018).

---

[1] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).
[2] These "family circumstances" are limited to "the death or incapacitation of the caregiver of the defendant's minor child or minor children" and "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 (2018).
[3] Application Note 1(D), which provides for "other reasons," is not relevant in this case. "By its plain language, Application Note 1(D)'s 'other reasons' determination is reserved for the Director of the BOP. This Court has expressly declined to consider what might constitute 'other reasons' under subsection 1(D)." *United States v. Girod*, No. 5:15-CR-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020). Defendant's motion provides no basis for the conclusion that the BOP has identified any extraordinary or compelling reasons in his case.

2

In support of his motion, Defendant claims that he suffers from high blood pressure, high cholesterol, anxiety, and obesity. (DE 139 at 3.) Simply put, even in the context of the ongoing public health crisis, Defendant has failed to establish that "extraordinary or compelling reasons warrant" his release from custody. Defendant has not shown that he "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,... serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability... to provide self-care within the environment of a correctional facility and from which he... is not expected to recover." U.S.S.G. §1B1.13, comment. (n.1) (2018).

Accordingly, the Court hereby ORDERS that Defendant's motion for a reduction in his sentence or home confinement (DE 139) is DENIED.

Dated June 19, 2020



Signed By:
Karen K. Caldwell
United States District Judge