UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>TONY RAY HERALD,<br>    Defendant. | CRIMINAL NO. 7:08-29-KKC-EBA-2<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Tony Ray Herald's motions requesting that the Court order his release from prison and for the appointment of counsel. (DE 144.) On August 17, 2009, Herald pleaded guilty to two counts of the use, carry, and brandish of a firearm in relation to a drug trafficking crime. (DE 73 ¶ 1.) Judge Thapar sentenced Herald to 192 months of imprisonment on August 17, 2009. (DE 76 at 2.) His projected release date is August 18, 2022. He is currently incarcerated at FCI Danbury. This action was assigned to the undersigned after Judge Thapar was confirmed as a judge for the Sixth Circuit Court of Appeals.

Harold now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that he is obese and has high blood pressure. He asserts that he would be in grave danger if he contracts COVID-19 because he is highly vulnerable to the virus. Harold also argues that the prison has not implemented adequate measures to best ensure that inmates are not infected with COVID-19. Harold also seemingly moves for the appointment of counsel. For the following reasons, both motions (DE 144) are denied.

## I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834 (citation and quotation marks omitted). Here, the government concedes that Herald has exhausted all administrative remedies required. (DE 146 at 2.) Therefore, the Court has authority to consider Herald's request for compassionate release.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Herald's health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

  (3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

  The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense."  § 3553(a)(4)-(7).

  This Court has reconsidered these factors for the purposes of this motion.  The nature and circumstances of Herald's crimes are serious and violent—Herald is convicted of using, carrying, and brandishing a firearm in relation to a drug trafficking crime.  Herald and his co-defendant, Vernon Todd Griffie, engaged in a scheme under which they perpetrated multiple robberies to obtain controlled substances, money, and other valuables for personal use and distribution.  (DE 73 ¶ 3.)  During the commission of one robbery, Herald held a pistol to the victim while removing cash and controlled substances from the victim's pockets.  (DE 73 ¶ 3.)  While committing another robbery, Herald and Griffie, impersonating law enforcement officers, forcibly entered the victim's residence, and Griffie brandished a firearm at the victim. (DE 73 ¶ 3.)  Herald and Griffie then robbed the victim of controlled substances and cash. (DE 73 ¶ 3.) While not extensive, Herald had a criminal history prior to the instant offenses that included convictions for the fraudulent use of a debit card and the failure to pay for mandatory garbage service.  (PSR ¶¶ 77-78.)  Further, while incarcerated, Herald has received multiple disciplinary infractions, including destruction of evidence, possession of a dangerous weapon, conducting an unauthorized business, possession of gambling tickets, and drug use. (DE 146-3 at 1-2.)  Based upon the record before it, the Court cannot find that Herald would not pose a danger to the safety of the community if he were to be released.  The relation

4

of his offenses to drug trafficking alone suggests that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.").

The minimum sentence for the offenses committed, as established under the sentencing guidelines, was 384 months of imprisonment (*see* DE 73 ¶ 4), but Herald was only sentenced to 192 months (DE 76 at 2). Therefore, Herald was sentenced below the sentencing guideline range, and a year and a half of his sentence remains to be served. Herald's sentence is also comparable to that of his co-defendant, as Griffie was sentenced to 180 months of imprisonment. *United States v. Griffie*, Criminal Action No. 7:08-29-KKC-EBA-1, DE 101 at 2. Considering the need for Herald's prison term to deter future criminal conduct, promote respect for the law, provide just punishment, and avoid sentencing disparities, release is simply not appropriate.

As to Herald's assertion that the prison is not taking adequate measures to protect prisoners from infection from COVID-19, this may be viewed as a request for release based upon the Eighth Amendment's prohibition against cruel and unusual punishment. Such a claim is not proper on a motion for compassionate release. Instead, a request for release on constitutional grounds is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

Finally, the Court will deny Herald's motion for appointment of counsel. There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, Criminal Action No. 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are

straightforward and resolvable upon review of the record." *United States v. Clark*, Criminal Action No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). The Court finds that denial of Herald's § 3582 motion is appropriate; therefore, there is no reason to appoint him counsel.

### III.

Accordingly, in consideration of the § 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Herald's release at this time. The Court HEREBY ORDERS that Defendant Tony Ray Herald's motion for compassionate release and motion to appoint counsel (DE 144) are DENIED.

Dated February 11, 2021

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY